WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. CR 99-206 PCT RCB (LOA) |
| | ) | CIV 04-977 PCT RCB |
| vs. | ) | O R D E R |
| | ) | |
| GERALD D. NAHA, SR., | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |

This court previously ruled on a myriad of motions by movant Gerald D. Naha, Sr.  One narrow issue remained unresolved, however. The court "took under advisement pending further discovery[,]" as specified by the court, movant's ineffective assistance of counsel claim, but only to the extent that claim "relat[ed] to counsel's alleged impairment of Movant's right to a public trial through the exclusion of his aunts from the courtroom[.]"  United States v. Naha, 2007 WL 91614, at *15 (D.Ariz. Jan. 11, 2007) Discovery in accordance with the court's orders is now complete.

No party "petition[ed] the Court for leave to file any supplemental briefing[]" upon the conclusion of that discovery.

1  <u>United States v. Naha</u>, 2007 WL 91615, at *2 (D.Ariz. Jan. 11,

2  2007).  Thus, in accordance with that order, "the Court will only

3  look to the currently filed briefing on Movant's § 2255 motion and

4  the filed records of any depositions taken pursuant to this order."

5  <u>Id.</u>

### ***Background***

7     As the parties are well aware, the court found "good cause to

8  allow limited discovery into" movant's ineffective assistance of

9  counsel.  <u>Id.</u> at *1.  "[N]ot[ing] the open questions regarding (1)

10  the truth of Movant's allegation that his counsel had instructed

11  his aunts not to enter the courtroom during his trial and (2)

12  whether Movant's aunts were prospective witnesses to whom the

13  Court's sequestration order under Rule 615[1] of the Federal Rules of

14  Evidence would have applied at trial[,]" the court instructed the

15  parties to proceed with written questions pertaining to those

16  issues.  <u>Id.</u> (citation omitted and footnote added).

17     Among other questions, movant's former counsel, Robert

18  McWhirter, was asked, whether he "specifically advise[d] either

19  Patricia Walker or Bernadine Pusher [movant's aunts] that they were

20  excluded from the courtroom[.]" Transcript of McWhirter Dep'n (doc.

21  17) at 4:6-8.  Mr. McWhirter unequivocally responded: "I did not

22  advise them that they were excluded from the courtroom."  <u>Id.</u> at

23  4:9-10.  In a similar vein, when asked whether he "direct[ed]

24  [movant's mother] to exclude any family members from the

25  courtroom[,]" Mr. McWhirter answered, "No, I did not."  <u>Id.</u> at

---

27,28  [1]     That Rule provides in relevant part that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order on its own motion."  Fed. R. Civ. 615.

4:11-13.   Further, in response to whether he had "any reason to exclude" movant's aunts from the courtroom, Mr. McWhirter replied simply, "No." Id. at 4:14-16.

In contrast, Mr. McWhirter testified that he did specifically "advise" movant's mother "that she could not be present in the courtroom during the trial[]" because she "was considered a potential witness based on allegations that she improperly contacted the victim and her mother at the request of defendant[.]" Id. at 4:3 and 3:21-23.   For that reason, movant's mother was "excludable under Rule 615[.]" Id. at 3:23-24.   In fact, Mr. McWhirter testified that on the eve of trial he had a discussion with the prosecutor regarding excluding movant's mother from the courtroom on that basis.   See id. at 3:19-4:1.

Additionally, Mr. McWhirter testified that when movant asked him why "these family members were not in the courtroom[,]" he "explained . . . why [movant's] mother was excluded from the courtroom under Rule 615." Id. at 4:21-22.   As to the aunts, it is Mr. McWhirter's "recollection" that "they simply left and walked out of the courtroom with Mr. Naha's mother." Id. at 4:23-24.   Mr. McWhirter "never told them to leave the courtroom[,] and he "explained that to Mr. Naha." Id. at 4:24-25.

Finally, when queried as to why exclusion of the family members was "never raised with [the] trial court or on direct appeal[,]" Mr. McWhirter testified that he "did not see that" raising that issue "would provide any legal benefit to Mr. Naha." Id. at 5:1-5.   Turning to the issue of whether Mr. Naha was "denied a public trial[,]" Mr. McWhirter succinctly stated that Mr. Naha "was not denied a public trial[;] [i]t was just his mother was

1   asked to leave the courtroom because she was a potential witness."
2   Id. at 5:6-8.

3                              *Discussion*

4        With the advantage of a fully developed record, the court is
5   persuaded that there is absolutely no basis for movant's claim of
6   ineffective assistance of counsel due to the alleged exclusion of
7   his aunts from the courtroom.  Mr. McWhirter's testimony flatly
8   contradicts movant's supposition that Mr. McWhirter instructed
9   movant's aunts to leave the courtroom.  As Mr. McWhirter's
10  testimony shows, the only person he instructed to leave the
11  courtroom was movant's mother.  Moreover, in accordance with Fed.
12  R. Evid. 615, Mr. McWhirter had a sound legal basis for excluding
13  her.  Not only that, it is entirely plausible that movant's aunts
14  would have left the courtroom with his mother, as Mr. McWhirter
15  testified, to support her while she waited to be called as a
16  witness.  Thus, the additional discovery which the court previously
17  allowed does not provide any factual basis for movant's ineffective
18  assistance of counsel claim based upon the alleged exclusion of his
19  aunts from the courtroom.  Accordingly, the court DENIES the
20  remaining portion of Movant's Motion to Vacate, Set Aside, or
21  Correct Sentence pursuant to 28 U.S.C. § 2255 (doc. 62), which it
22  had previously taken under advisement.

23       Having resolved all aspects of Movant's Motion to Vacate, Set
24  Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (doc. 62)
25  against movant and in favor of the United States of America, the
26  court hereby directs the Clerk of the Court to enter JUDGMENT in
27  . . .

28

1   favor of the United States of America and to terminate this case.

2        DATED this 12th day of March, 2009.

3

4

5        _____
         Robert C. Broomfield

6        Senior United States District Judge

7

8

9

10

11

12  Copies to counsel of record and defendant/movant *pro se*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28